UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA KNOPP, | No. C-09-0452 CRB (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al*. | **(Docket Nos. 29, 34)** |
| Defendants. | |
| _____/ | |

Plaintiff Tamara Knopp has filed suit against Defendants Life Insurance Company of North America ("LINA") and Novartis Vaccines and Diagnostic, Inc. Insurance Plan ("Plan"), asserting violations of ERISA arising out of the denial of benefits under Novartis' disability insurance policy. Currently pending before the Court are two motions filed by Ms. Knopp.

## I. FACTUAL & PROCEDURAL BACKGROUND

In her complaint, Ms. Knopp alleges as follows. Starting in November 1994, Ms. Knopp was an employee of Chiron Corporation. *See* Compl. ¶ 8. In April 2006, Novartis acquired Chiron and Ms. Knopp continued to work as an employee of Novartis. *See* Compl. ¶ 10. During the relevant time period, Novartis had a disability insurance policy. *See* Compl. ¶¶ 7, 11. CIGNA was the plan administrator. *See* Compl. ¶ 2 (also noting that LINA is a subsidiary of CIGNA). On May 1, 2006, Ms. Knopp stopped working. *See* Compl. ¶ 12. According to Ms. Knopp, she stopped working because of disabling medical impairments, which included fibromyalgia and chronic fatigue

syndrome. *See* Compl. ¶ 13. Ms. Knopp applied for disability benefits but CIGNA ultimately denied her claim. *See* Compl. ¶ 47.

Thereafter, Ms. Knopp filed suit against Defendants, asserting the following causes of action pursuant to ERISA: (1) improper denial of benefits, *see* 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty, *see id.* § 1132(a)(2); and (3) equitable relief. *See id.* § 1132(a)(3).

## II. DISCUSSION

A. Parties' Arguments

Ms. Knopp served thirteen interrogatories and eighteen document requests on Defendants. Initially, Defendants made the same blanket objection to each discovery request – *i.e.*, that Ms. Knopp had made no showing as to what was the applicable standard of review; that, under *de novo* review, discovery is the exception and not the rule; and that, under an abuse-of-discretion review, Ms. Knopp needed an order authorizing discovery first.

Ms. Knopp then moved to compel responses. In her motion, she argued that the discovery is relevant to her first claim for relief – *e.g.*, to what extent the plan administrator had a conflict of interest, thus affecting the scope of review. Ms. Knopp did not make any express argument that the discovery is relevant to her second or third claims for relief (*i.e.*, breach of fiduciary duty and equitable relief).

In their opposition, Defendants conceded for the first time that the standard of review in the case should be *de novo*. Defendants contended that, under this standard of review, Ms. Knopp is not entitled to any of the discovery she seeks because the only issue remaining now is whether or not "LINA correctly decided the claim, not whether a conflict of interest influenced its claim decision." Opp'n at 3.

In her reply, Ms. Knopp asserted for the first time that the discovery requested is relevant to not only her first claim for relief but also her second and third claims for relief. Ms. Knopp further argued that as to the first claim, the discovery requested should be provided even if the *de novo* standard is applied.

///

///

2

B. <u>Relevance of Discovery to Second and Third Claims for Relief</u>

As a preliminary matter, the Court will not grant discovery based on Ms. Knopp's contention that the discovery sought is relevant to her claims for breach of fiduciary duty and equitable relief. First, it is not clear that relevance with respect to these claims – as opposed to the first claim for improper denial of benefits – was ever the subject of the parties' meet-and-confer efforts. Second, Ms. Knopp did not raise the argument expressly until her reply brief, thus depriving Defendants of the opportunity to respond to this new argument. Finally, at the hearing on the motions to compel, Defendants pointed out that there is a substantial question as to whether Ms. Knopp has a viable claim for breach of fiduciary duty. Defendants indicated that they would be prepared to file a motion to dismiss this claim with Judge Breyer, the assigned judge. This Court is reluctant to grant the kind of wide ranging discovery that might be engendered by the broad claim of breach of fiduciary duty if that claim may be the subject of a dismissal, particularly since "[a] primary goal of ERISA [is] to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Taft v. Equitable Life Ass. Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993). Absent a clear indication that the second claim will remain in this suit, the Court will not grant discovery based on an assertion of relevance thereon. The same applies to the third claim for equitable relief.

C. <u>Relevance of Discovery to First Claim for Relief</u>

As to whether the discovery sought is relevant to the first claim for relief – assuming a *de novo* standard of review (per Defendants' concession) – the Court agrees that there are some circumstances where discovery is permitted. Those circumstances are described by the Ninth Circuit in *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211 (9th Cir. 2007). There, the Ninth Circuit held:

> If de novo review applies, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." Under de novo review, the district court should have determined whether [a claimant] was entitled to benefits based on the evidence in the administrative record and "other evidence as might be admissible under the restrictive rule of *Mongeluzo*."
>
> In *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, we resolved the question of the scope of review that a district

3

court may employ upon de novo review of a plan administrator's decision. Agreeing with the Third, Fourth, Seventh, Eighth, and Eleventh Circuits, we held that extrinsic evidence could be considered only under certain limited circumstances. We cited with approval the rule of the Fourth Circuit that the district court should exercise its discretion to consider evidence outside of the administrative record "'*only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision.'" We emphasized that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence" and that "[i]n most cases" only the evidence that was before the plan administrator at the time of determination should be considered.

In *Quesinberry*, the Fourth Circuit provided a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* at 1217 (emphasis in original).

*Opeta* of course dealt with the issue of admissibility and the issue before the Court is not whether the information sought by Ms. Knopp is admissible but rather whether it is discoverable. *See Waggener v. Unum Life Ins. Co. of Am.*, 38 F. Supp. 2d 1179, 1183 (S.D. Cal. 2002) (noting that "[t]he question presented . . . is not whether additional evidence will be admissible, but instead whether such information is discoverable and, if so, what the scope of discovery should be"). Even so, the natural implication of *Opeta* is that limits should be placed not only on the admissibility of evidence but also on the discoverability of information. This is so particularly in view of the ERISA's policy of keeping proceedings inexpensive and expeditious. *Taft, supra*, 9 F.3d at 1472. Accordingly, to the extent Ms. Knopp argues that she need only show that the information she seeks is relevant to her first claim of relief, that argument is without merit. A bare showing of relevance adequate under Fed. R. of Civ. P. 26 is not sufficient here. More is required. As the court in

*Waggener* held, "[b]ecause of the interest in both maintaining costs at a reasonable level and allowing for the prompt and fair resolution of claims, discovery [in an ERISA case] simply cannot be as broad and overreaching as in other types of cases." 38 F. Supp.2d at 1185.

In the instant case, the Court concludes that Ms. Knopp has made an adequate showing that she is entitled to some discovery which could bear directly and substantially on the credibility of the medical reviewers engaged by the insurer, issues potentially enhanced by the potential conflict of interest here – the insurer/payor and plan administrator appear to be affiliated with each other. *See* Compl. ¶ 2 (noting that LINA is a subsidiary of CIGNA). The discovery requests to which the Court orders Defendants to respond are as follows:

(1) Rog No. 6, RFP No. 5 and RFP No. 7. These discovery requests ask for information about the medical consultants or companies hired to evaluate Ms. Knopp's disability claim, including their relationship with Defendants. This information is closely related to the issue of conflict of interest. *See Waggener*, 238 F. Supp. 2d at 1185 (emphasizing that the discovery sought "must be closely related to the need to demonstrate conflict of interest"). However, the timeframe requested by Ms. Knopp is overbroad. Since Ms. Knopp made a disability claim in 2006, a start date of 2001 is appropriate. As for the end date, Defendants need only provide information up to the date of the final denial, not the present.

(2) RFP No. 6. This discovery request asks for performance evaluations for the medical consultants or companies. This information is closely related to the issue of conflict of interest. For instance, it the medical consultants or companies were rewarded by Defendants for providing opinions adverse to a claimant, that would significantly affect the credibility of their evaluations.

The Court notes that it is not ordering Defendants to respond to any discovery requests related to a conflict of interest on the part of any LINA or CIGNA claim reviewers, as opposed to medical evaluators, because Defendants have conceded that a *de novo* standard of review should apply. Under the *de novo* standard, the assigned judge will evaluate the record evidence and reach its own conclusion. The decision of the plan administrator (through its claim reviewers) to deny benefits is irrelevant to the court's *de novo* determination.

The Court does not order Defendants (at this juncture) to respond to any discovery requests related to claim procedures and guidelines based on relevance to the first cause of action. Even if Defendants failed to follow claim procedures or guidelines, that failure might reflect upon the integrity and accuracy of the administrator's review of Ms. Knopp's disability claim, but that review is entitled to no deference on *de novo* review and is therefore irrelevant. However, as Plaintiff pointed out at the hearing, ERISA regulations expressly require that certain documents by provided to the claimant upon denial of a benefits claim, including any guidelines relied upon by the administrator. At the hearing, Defendant agreed to turn those documents over to Ms. Knopp if they have not already been provided. However, the Court directs that only those documents whose disclosure is expressly required by the regulations be turned over. Documents which the regulations cite as *e.g.* necessary for a full and fair review, but which are not expressly required to be disclosed to the claimant, are not subject to the directive herein.

### III. CONCLUSION

For the foregoing reasons, Ms. Knopp's motions to compel are granted in part and denied in part.

This order disposes of Docket Nos. 29 and 34.

IT IS SO ORDERED.

Dated: December 28, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge